IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 2002 C 5129 |
| | ) | |
| Eastern Seafood Company, Inc., an Illinois | ) | |
| Corporation, and Mario Falco, | ) | |
|     Defendants. | ) | |

## VERIFIED PETITION TO VACATE CONSENT DECREE OF PERMANENT INJUNCTION

The Defendants, by George S. Spataro, Esq., do hereby request an order vacating the consent decree of permanent injunction, entered herein on August 13, 2002, and in support they state:

## HISTORY OF PROCEEDINGS

In 2002, Plaintiff alleged that Defendants failed to properly develop, implement, and verify an adequate "HACCP plan" (Hazard Analysis and Critical Control Point plan) as was required by the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301-397, to effectively control the development of scombrotoxin (histamine), and to establish a record keeping system that documents the monitoring of the critical control points. As Defendants recognized that their HACCP plan was deficient, they agreed and consented to the entry of the August 13, 2002 order (see attached).

After the entry of the order, Defendants did select a HACCP expert and did amend their HACCP plan to be compliant with the Act, and to be compliant with each and every matter addressed in the August 13, 2002 order. Defendants' new HACCP plan was thereafter reviewed and approved by the U.S. F.D.A.. After F.D.A approval, Defendants implemented their new

1

HACCP plain, in 2002.

In the 13 years after the entry of August 13, 2002 order, Defendants' premises, operations, and HACCP plan, and recordings have been inspected from time to time by the F.D.A., and by the Illinois Department of Public Health, Office of Health Protection, Division of Food, Drugs, and Dairies. Defendants have not been cited with violations in these 13 years. Only "observations" (suggestions on how to do it better) have been made from time to time regarding their HACCP plan and recordings, that Defendants have immediately addressed. None of the observations have become "cited violations". More important, Defendants' premises, and fish and fish products on hand during all inspections, were not found to ever to be contaminated, especially with scombrotoxin (histmamine). Defendants have not been notified during these 13 years by their customers that Defendants' fish and fish products were contaminated, nor that anyone who consumed Defendants' fish and fish products became ill.

## ARGUMENT

1. The sunset provision (virtually always 5 years) has been satisfied herein almost three times;

2. The intent of the order, to (1) have a current and updated HACCP plan in place and being documented properly, and to (2) control/prevent the development of scombrotoxin (histamine), has been achieved. The 13 year history without "violations" of the Act, and without any further court proceedings to enforce the order clearly exhibits the achievement of the order's intent;

3. To continue to hold Defendants beholden to the order is unnecessary and oppressive, and such is not the intent of the order;

4. It would be fair, equitable, and just, to vacate the order and dismiss this matter.

WHEREFORE, Defendants request an order vacating the August 13, 2002 order in question, terminating these proceedings, and dismissing this cause of action.

Respectfully Submitted,

_____
George S. Spataro

## VERIFICATION

The Undersigned has read this Verified Petition, and has found it to be true in its representations, and all within his personal knowledge, and, if called to testify under oath herein, would state all herein as true.

_____
Mario Falco

George S. Spataro, Esq. (#3126416)
1441 S. Harlem Avenue
Berwyn, Illinois 60402
Tel: (708)222-7000
gsspataro@gmail.com
*Attorney for Defendants*